UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROXANNA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| TRANSPORT 21, INC., a corporation, | ) | |
| MINSTAR TRANSPORT INC., a | ) | |
| corporation, SHERMAN J. HALL, and | ) | |
| KATHLEEN SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

*Count I*

## Trucking – Negligence - TRANSPORT 21, INC., Hall

Plaintiff, ROXANNA BROWN, complaining of defendants, TRANSPORT 21, INC. and SHERMAN J. HALL, and each of them, states:

1.      At all times relevant, plaintiff, ROXANNA BROWN, was a resident of the State of Illinois.

2.      At all times relevant, defendant, SHERMAN J. HALL, was a resident of the State of Alabama.

3.      At all times relevant, defendant, SHERMAN J. HALL, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-99 and related parts.

4.      At all times relevant, defendant, TRANSPORT 21, INC., was a corporation with principal place of business in the State of Minnesota.

5.      At all times relevant, defendant, TRANSPORT 21, INC., was a commercial motor carrier operating under the authority of the US DOT.

6.      At all times relevant, Interstate 57 was a public highway, running generally in a north and south direction in Champaign County, Illinois.

7.      At all times relevant, Interstate 57 had two southbound lanes.

8.      On May 5, 2019, plaintiff, ROXANNA BROWN, occupied a motor vehicle operated southbound on Interstate 57 in the left lane.

9.      At all times relevant, there existed a 2015 Kenworth T680 semi-tractor bearing Minnesota license plate PAR0153 and an attached trailer (hereinafter "the Kenworth").

10.     At all times relevant, the Kenworth was owned by defendant, TRANSPORT 21, INC.

11.     At all times relevant, the Kenworth was maintained by defendant, TRANSPORT 21, INC.

12.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an employee of defendant, TRANSPORT 21, INC.

13.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an employee of defendant, TRANSPORT 21, INC., acting within the scope of his employment.

14.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an agent of defendant, TRANSPORT 21, INC.

15.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an agent of defendant, TRANSPORT 21, INC., acting within the scope of his agency.

2

16.     On May 5, 2019, defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois.

17.     On May 5, 2019, as defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, he moved the Kenworth into the right lane.

18.     On May 5, 2019, before defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane, when he saw the car occupied by plaintiff, ROXANNA BROWN.

19.     On May 5, 2019, even though defendant, SHERMAN J. HALL, saw the vehicle occupied by plaintiff, ROXANNA BROWN, in the left lane, he continued to operate the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane.

20.     On May 5, 2019, because defendant, SHERMAN J. HALL, moved the Kenworth southbound from the right lane into the left lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, the car occupied by plaintiff, ROXANNA BROWN, had to take evasive action to avoid a crash, flipped over, and caused serious, permanent injuries to plaintiff, ROXANNA BROWN.

21.     On May 5, 2019, and at all times relevant, defendants, SHERMAN J. HALL and TRANSPORT 21, INC., and each of them, were negligent in one or more of the following ways:

   a)   Improperly changed lanes in violation of 625 Ill.Comp.Stat. § 5/11-709;

   b)   Failed to operate a vehicle within a single lane in violation of 625 Ill.Comp.Stat. § 5/11-709

c) Improperly moved a vehicle from a lane without first ascertaining that such movement can be made with safety in violation of 625 Ill.Comp.Stat. § 5/11-709;

d) Operated the vehicle at a speed which endangered the safety of persons, in violation of 625 Illinois Compiled Statutes § 5/11-601;

e) Operated the vehicle at a speed which was greater than reasonable and proper in violation of 625 Illinois Compiled Statutes § 5/11-601 et seq.;

f) Failed to give audible warning with a horn to ensure safe operation of the motor vehicle when such warning was reasonably necessary in violation of 625 Illinois Compiled Statutes § 5/12-601;

g) Operated the vehicle without keeping proper and sufficient lookout;

h) Failed to give warning of impending collision by sounding horn in violation of 625 Illinois Compiled Statutes § 5/11-1003.1;

i) Failed to adhere to certain rules and regulations codified in 49 C.F.R. 300 *et seq.*, including but not limited to 29 CFR § 392.2, by failing to operate in accordance with the laws, ordinances, and regulations of the State of Illinois; and,

j) Suddenly stopped or suddenly decreased speed without first giving the appropriate signal when there was opportunity to give such signal in violation of 625 Illinois Compiled Statutes § 5/11-804(c).

22.     As a proximate result of one or more of these negligent acts or omissions, plaintiff, ROXANNA BROWN, suffered injuries – both temporary and permanent – to her personal and pecuniary interests.

23.     Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

24.     This court has pendent jurisdiction over all State claims presented pursuant to 28 U.S.C. § 1367.

25.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claim occurred in the jurisdiction of the United States District Court for the Southern District of Illinois.

WHEREFORE, plaintiff, ROXANNA BROWN, demands judgment of defendants, SHERMAN J. HALL and TRANSPORT 21, INC., and each of them, for compensatory damages in an amount in excess of $75,000.00.


*Count II*

**Trucking – Negligence - MINSTAR TRANSPORT INC., Hall**

Plaintiff, ROXANNA BROWN, complaining of defendants, MINSTAR TRANSPORT INC. and SHERMAN J. HALL, and each of them, states:

1.     At all times relevant, plaintiff, ROXANNA BROWN, was a resident of the State of Illinois.

2.     At all times relevant, defendant, SHERMAN J. HALL, was a resident of the State of Alabama.

3.     At all times relevant, defendant, SHERMAN J. HALL, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-99 and related parts.

4.     At all times relevant, defendant, MINSTAR TRANSPORT INC., was a corporation with principal place of business in the State of Minnesota.

5.     At all times relevant, defendant, MINSTAR TRANSPORT INC., was a commercial motor carrier operating under the authority of the US DOT number 1759560.

6.      At all times relevant, Interstate 57 was a public highway, running generally in a north and south direction in Champaign County, Illinois.

7.      At all times relevant, Interstate 57 had two southbound lanes.

8.      On May 5, 2019, plaintiff, ROXANNA BROWN, occupied a motor vehicle operated southbound on Interstate 57 in the left lane.

9.      At all times relevant, there existed a 2015 Kenworth T680 semi-tractor bearing Minnesota license plate PAR0153 and an attached trailer (hereinafter "the Kenworth").

10.     At all times relevant, the Kenworth was owned by defendant, MINSTAR TRANSPORT INC.

11.     At all times relevant, the Kenworth was maintained by defendant, MINSTAR TRANSPORT INC.

12.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an employee of defendant, MINSTAR TRANSPORT INC.

13.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an employee of defendant, MINSTAR TRANSPORT INC., acting within the scope of his employment.

14.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an agent of defendant, MINSTAR TRANSPORT INC.

15.     On May 5, 2019, at all times relevant, defendant, SHERMAN J. HALL, was an agent of defendant, MINSTAR TRANSPORT INC., acting within the scope of his agency.

16.     On May 5, 2019, defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois.

17.    On May 5, 2019, as defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, he moved the Kenworth into the right lane.

18.    On May 5, 2019, before defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane, when he saw the car occupied by plaintiff, ROXANNA BROWN.

19.    On May 5, 2019, even though defendant, SHERMAN J. HALL, saw the vehicle occupied by plaintiff, ROXANNA BROWN, in the left lane, he continued to operate the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane.

20.    On May 5, 2019, because defendant, SHERMAN J. HALL, moved the Kenworth southbound from the right lane into the left lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, the car occupied by plaintiff, ROXANNA BROWN, had to take evasive action to avoid a crash, flipped over, and caused serious, permanent injuries to plaintiff, ROXANNA BROWN.

21.    On May 5, 2019, and at all times relevant, defendants, SHERMAN J. HALL and MINSTAR TRANSPORT INC., and each of them, were negligent in one or more of the following ways:

  a) Improperly changed lanes in violation of 625 Ill.Comp.Stat. § 5/11-709;

  b) Failed to operate a vehicle within a single lane in violation of 625 Ill.Comp.Stat. § 5/11-709

  c) Improperly moved a vehicle from a lane without first ascertaining that such movement can be made with safety in violation of 625 Ill.Comp.Stat. § 5/11-709;

7

d) Operated the vehicle at a speed which endangered the safety of persons, in violation of 625 Illinois Compiled Statutes § 5/11-601;

e) Operated the vehicle at a speed which was greater than reasonable and proper in violation of 625 Illinois Compiled Statutes § 5/11-601 et seq.;

f) Failed to give audible warning with a horn to ensure safe operation of the motor vehicle when such warning was reasonably necessary in violation of 625 Illinois Compiled Statutes § 5/12-601;

g) Operated the vehicle without keeping proper and sufficient lookout;

h) Failed to give warning of impending collision by sounding horn in violation of 625 Illinois Compiled Statutes § 5/11-1003.1;

i) Failed to adhere to certain rules and regulations codified in 49 C.F.R. 300 *et seq.*, including but not limited to 29 CFR § 392.2, by failing to operate in accordance with the laws, ordinances, and regulations of the State of Illinois; and,

j) Suddenly stopped or suddenly decreased speed without first giving the appropriate signal when there was opportunity to give such signal in violation of 625 Illinois Compiled Statutes § 5/11-804(c).

22.     As a proximate result of one or more of these negligent acts or omissions, plaintiff, ROXANNA BROWN, suffered injuries – both temporary and permanent – to her personal and pecuniary interests.

23.     Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

24.     This court has pendent jurisdiction over all State claims presented pursuant to 28 U.S.C. § 1367.

25.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claim occurred in the jurisdiction of the United States District Court for the Southern District of Illinois.

WHEREFORE, plaintiff, ROXANNA BROWN, demands judgment of defendants, SHERMAN J. HALL and MINSTAR TRANSPORT INC., and each of them, for compensatory damages in an amount in excess of $75,000.00.

*Count III*

**Automobile – Negligence - Smith**

Plaintiff, ROXANNA BROWN, complaining of defendant, KATHLEEN SMITH, states:

1.      At all times relevant, plaintiff, ROXANNA BROWN, was a resident of the State of Illinois.

2.      At all times relevant, defendant, KATHLEEN SMITH, was a resident of the State of Wisconsin.

3.      At all times relevant, Interstate 57 was a public highway, running generally in a north and south direction in Champaign County, Illinois.

4.      At all times relevant, Interstate 57 had two southbound lanes.

5.      At all times relevant, there existed a 2003 Lexus RX300 with VIN number JTJHP10U430296331 (hereinafter "the Lexus").

6.      At all times relevant, defendant, KATHLEEN SMITH, owned the Lexus.

7.      At all times relevant, defendant, KATHLEEN SMITH, was responsible for maintenance of the Lexus.

8.      On May 5, 2019, defendant, KATHLEEN SMITH, operated the Lexus southbound on Interstate 57 in the left lane.

9.      On May 5, 2019, plaintiff, ROXANNA BROWN, occupied the Lexus.

10.     At all times relevant, there existed a 2015 Kenworth T680 semi-tractor bearing Minnesota license plate PAR0153 and an attached trailer (hereinafter "the Kenworth").

11.     On May 5, 2019, defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois.

12.     On May 5, 2019, as defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, he moved the Kenworth into the right lane.

13.     On May 5, 2019, before defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane, when he the Lexus.

14.     On May 5, 2019, even though defendant, SHERMAN J. HALL, saw the Lexus, he continued to operate the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane.

15.     On May 5, 2019, the Lexus swerved, went off the road, flipped over, and caused serious, permanent injuries to plaintiff, ROXANNA BROWN.

16.     On May 5, 2019, and at all times relevant, defendant, KATHLEEN SMITH, was negligent in one or more of the following ways:

   a)  Failed to decrease speed to avoid collision with another vehicle in violation of 625 Illinois Compiled Statutes § 5/11-601;

   b)  Followed another vehicle more closely than was reasonable and prudent in violation of 625 Illinois Compiled Statutes § 5/11-710(a);

   c)  Failed to equip the vehicle with adequate brakes in violation of 625 Illinois Compiled Statutes § 5/12-301;

d) Improperly changed lanes in violation of 625 Ill.Comp.Stat. § 5/11-709;

e) Failed to operate a vehicle within a single lane in violation of 625 Ill.Comp.Stat. § 5/11-709

f) Operated the vehicle without keeping proper and sufficient lookout;

g) Failed to decrease speed so as to avoid colliding with another vehicle;

h) Suddenly stopped or suddenly decreased speed without first giving the appropriate signal when there was opportunity to give such signal in violation of 625 Illinois Compiled Statutes § 5/11-804(c).

17.    As a proximate result of one or more of these negligent acts or omissions, plaintiff, ROXANNA BROWN, suffered injuries – both temporary and permanent – to her personal and pecuniary interests.

18.    Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

19.    This court has pendent jurisdiction over all State claims presented pursuant to 28 U.S.C. § 1367.

20.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claim occurred in the jurisdiction of the United States District Court for the Southern District of Illinois.

WHEREFORE, plaintiff, ROXANNA BROWN, demands judgment of defendant, KATHLEEN SMITH, for compensatory damages in an amount in excess of $75,000.00.

*Count IV*

**Automobile – Willful and Wanton - Smith**

Plaintiff, ROXANNA BROWN, complaining of defendant, KATHLEEN SMITH, states:

1.    At all times relevant, plaintiff, ROXANNA BROWN, was a resident of the State of Illinois.

2.    At all times relevant, defendant, KATHLEEN SMITH, was a resident of the State of Wisconsin.

3.    At all times relevant, Interstate 57 was a public highway, running generally in a north and south direction in Champaign County, Illinois.

4.    At all times relevant, Interstate 57 had two southbound lanes.

5.    At all times relevant, there existed a 2003 Lexus RX300 with VIN number JTJHP10U430296331 (hereinafter "the Lexus").

6.    At all times relevant, defendant, KATHLEEN SMITH, owned the Lexus.

7.    At all times relevant, defendant, KATHLEEN SMITH, was responsible for maintenance of the Lexus.

8.    On May 5, 2019, defendant, KATHLEEN SMITH, operated the Lexus southbound on Interstate 57 in the left lane.

9.    On May 5, 2019, defendant, KATHLEEN SMITH, operated the Lexus southbound on Interstate 57 in the left lane in excess of the speed limit.

10.    On May 5, 2019, defendant, KATHLEEN SMITH, operated the Lexus southbound on Interstate 57 in the left lane at speeds in excess of 100 miles per hour.

11.    On May 5, 2019, defendant, KATHLEEN SMITH, operated the Lexus southbound on Interstate 57 in the left lane, rapidly changing lanes.

12.     On May 5, 2019, plaintiff, ROXANNA BROWN, occupied the Lexus.

13.     At all times relevant, there existed a 2015 Kenworth T680 semi-tractor bearing Minnesota license plate PAR0153 and an attached trailer (hereinafter "the Kenworth").

14.     On May 5, 2019, defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois.

15.     On May 5, 2019, as defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, he moved the Kenworth into the right lane.

16.     On May 5, 2019, before defendant, SHERMAN J. HALL, operated the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane, when he the Lexus.

17.     On May 5, 2019, even though defendant, SHERMAN J. HALL, saw the Lexus, he continued to operate the Kenworth southbound in the right lane of Interstate 57 at approximately .25 miles south of milepost 227 in Champaign County, Illinois, and into the left lane.

18.     On May 5, 2019, the Lexus swerved, went off the road, flipped over, and caused serious, permanent injuries to plaintiff, ROXANNA BROWN.

19.     On May 5, 2019, and at all times relevant, defendant, KATHLEEN SMITH, acted with utter indifference to or conscious disregard for the safety of plaintiff, ROXANNA BROWN, in one or more of the following ways:

   a) Operated the vehicle at a speed well in excess of the speed limit;

   b) Operated the vehicle in an erratic and dangerous manner, swerving and otherwise operating in a reckless manner;

c)  Operated the vehicle at a speed which endangered the safety of persons, in violation of 625 Illinois Compiled Statutes § 5/11-601;

d)  Operated the vehicle at a speed which was greater than reasonable and proper in violation of 625 Illinois Compiled Statutes § 5/11-601 et seq.;

e)  Failed to decrease speed to avoid collision with another vehicle in violation of 625 Illinois Compiled Statutes § 5/11-601;

f)  Failed to properly and safely bring the Lexus back on the pavement after improperly swerving off the road;

g)  Failed to properly and safely slow the Lexus in the median when she drove the Lexus off the paved surface of the road;

h)  Improperly changed lanes in violation of 625 Ill.Comp.Stat. § 5/11-709;

i)  Failed to operate a vehicle within a single lane in violation of 625 Ill.Comp.Stat. § 5/11-709

j)  Operated the vehicle without keeping proper and sufficient lookout;

k)  Drove a vehicle with willful and wanton disregard for the safety of persons or property in violation of 625 Illinois Compiled Statutes § 11-503(a).

20.   As a proximate result of one or more of these willful and wanton acts or omissions, plaintiff, ROXANNA BROWN, suffered injuries – both temporary and permanent – to her personal and pecuniary interests.

21.   Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

22.   This court has pendent jurisdiction over all State claims presented pursuant to 28 U.S.C. § 1367.

23.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claim occurred in the jurisdiction of the United States District Court for the Southern District of Illinois.

WHEREFORE, plaintiff, ROXANNA BROWN, demands judgment of defendant,

KATHLEEN SMITH, for compensatory damages in an amount in excess of $75,000.00.

Dixon Law Office
By: G. Grant Dixon III

Dixon Law Office
Attorneys for Plaintiff
1415 West 55th Street
Suite 101
La Grange, Illinois  60525
Tel (708) 354-9880
Fax (708) 354-9885
Web www.DixonLawOffice.com
Email Contact@DixonLawOffice.com